# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD BURGESS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 18-694-GMS ) |
| TITLE365 COMPANY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 31st day of May, 2018;

IT IS HEREBY ORDERED that: (1) all pending motions are **denied** without prejudice to renew (D.I. 4, 6, 10, 11); (2) the Clerk of Court is directed to **transfer** this action to the United States District Court for the Central District of California, Los Angeles Division; and (3) the Clerk of Court is directed to **mail copies** of this order to the two addresses the plaintiff has provided; one in Norwalk, California, and the other in Wilmington, Delaware, for the reasons that follow:

1. The plaintiff Reginald Burgess ("Burgess") filed this lawsuit as, "Plaintiff and as warranty deed guarantor, Roy Union, a Delaware Corporation, real party in interest, Wilbur Union, a Delaware Corporation, real party in interest"[1] against Title365 Company ("Title365"), a California corporation doing business in California, and Eric D. Swenson ("Swenson"), its president and CEO. (*See* D.I. 2.) Burgess appears *pro se* and has been granted leave to proceed

---

[1]The case was opened with the three plaintiffs - Burgess, Roy Union, and Wilbur Union. After the court ordered Roy Union and Wilbur Union to pay the filing fee and to retain counsel (*see* D.I. 8), Burgess filed a declaration that he is the only plaintiff in the action and Roy Union and Wilburn Union were real parties in interest (*see* D.I. 12 at ¶ 1.9).

*in forma pauperis*. (D.I. 8.) Burgess does not reside in Delaware but, as the CEO of Wilbur Union, he seeks to use its commercial mail receiving agent's address in Wilmington, Delaware, as his address of record in this action. (D.I. 2 at ¶ 1.2; D.I. 12 at ¶ 1.3.) Burgess advises the court that he is homeless in California and has a mailing address (not his residence) in Norwalk, California, for his receipt of SSI benefits. (D.I. 12 at ¶¶ 1.1, 1.2.)

2. The complaint states the bases for jurisdiction, include, but are not limited to, federal question, diversity of citizenship, bankruptcy cases and proceedings, and civil rights and elective franchise under 28 U.S.C. §§ 1331, 1332, 1334, 1343.[2] The complaint states that venue is proper in this district court because Title365 is an active corporation licensed to do business in the State of Delaware. Title365 provides title insurance and settlement services. *See* https://www.title365.com/about/title365 (last visited May 29, 2018). The complaint raises claims under federal statutes and supplemental claims under California law. (*See* D.I. 2 at ¶¶ IV-VIII.)

3. The case surrounds real property located at 1715 South Victoria Avenue, Los Angeles, California, 90019, Burgess's unsuccessful attempts through litigation in state, federal, and bankruptcy courts[3] to gain title to the real property, and his claims that: (1) Title365 acted in

---

[2]It does not appear there is diversity of citizenship given Burgess's domicile in the State of California, the defendant Title365 is a California corporation, and Burgess has provided a service address for Swenson in California. *See* 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of every State by which it has been incorporated).

[3]*See e.g., In re Burgess*, 146 F. App'x 921 (9th Cir. 2005) (unpublished) (affirming dismissal of Chapter 11 bankruptcy petition because record indicated Burgess utilized bankruptcy petitions as litigation tactic to interfere with ongoing state proceedings, he offered no substantial roof that his business, Roy Union American Group of Companies, existed, and he did not appear to possess any assets with which to reorganize); *Williams v. Burgess*, 146 F. App'x 924 (9th Cir. 2005) (unpublished) (affirming district court's dismissal of action on the ground that

bad faith concerning the true owner of the property; and (2) its title insurance policy limits do not apply. Burgess seeks restitution (treble damages of the current value of the property) to compensate him as the true owner of the real property at issue. (D.I. 2 at 89.)

4. A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. See *e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

5. Here, it does not appear that any of the events or omissions giving rise to Burgess's claims occurred in Delaware. Clearly, they occurred in California. Moreover,

---

it was a second attempt to improperly remove a probation action from California state court to federal court); *Burgess v. California*, 128 F. App'x 609 (9th Cir. 2005) (unpublished) (affirming district court's ruling that *Rooker-Feldman* doctrine barred Burgess's claim that defendants violated federal and state law in the course of challenging Burgess's ownership of house in state probate and federal bankruptcy proceedings); *Hartford Life Ins. v. Williams*, 2010 WL 1381003 (Cal. Ct. App. Apr. 8, 2010) (affirming grant of summary judgment in favor of conservator against Burgess's claim); *In re Conservatorship of Williams*, 2004 WL 909244 (Cal. Ct. App. Apr. 29, 2004) (affirming judgment that Burgess's filing of a petition in bankruptcy and discharge of the petition, did not invalid prior valid orders of the California Superior Court including that title to the property at issue be transferred to the Conservator of the Estate of George W. Williams).

3

Title365 is a California corporation and Burgess provides an address for Swenson in California. The court considers the allegations in the complaint and finds the interests of justice favor transferring the action to the United States District Court for the Central District of California, Los Angeles Division, where Burgess, although homeless, resides, and where Title365 is incorporated, and based upon the allegations where it appears that all of the events took place.

6. For the above reasons, the Clerk of Court is directed to transfer this action the United States District Court for the Central District of California, Los Angeles Division.

UNITED STATES DISTRICT JUDGE